RECEIPT # 23579
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. [signature]
DATE 6/23/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 JUN 23 P 3:16
U.S. DISTRICT COURT
DISTRICT OF MASS.

AKAMAI TECHNOLOGIES, INC., and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

Plaintiffs,

vs.

LIMELIGHT NETWORKS, INC.,

Defendant.

Civil Action No.

06 CA 11109 RWZ

**JURY TRIAL DEMANDED**

MAGISTRATE JUDGE Alexander

**COMPLAINT**

**NATURE OF THE ACTION**

1. This is a patent infringement action brought by plaintiffs Akamai Technologies, Inc. ("Akamai") and Massachusetts Institute of Technology ("MIT") against defendant Limelight Networks, Inc. ("Limelight").

**PARTIES**

2. Akamai is a Delaware corporation. Its principal place of business is located in Cambridge, Massachusetts.

3. MIT is a world-renowned educational institution located in Cambridge, Massachusetts.

4. Upon information and belief, Limelight is a Delaware corporation whose principal place of business is located in Tempe, Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction with respect to this action under 28 U.S.C. §§ 1331, 1338 because it arises under the patent laws of the United States, 35 U.S.C.

6. This Court has personal jurisdiction over Limelight because this action arises from (a) Limelight's infringing activity in Massachusetts, and (b) Limelight's causing injury in Massachusetts by reason of its infringing activity outside Massachusetts and because Limelight does or solicits business in Massachusetts or derives substantial revenue from the sale of services rendered in Massachusetts.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## THE PATENTS

8. On August 22, 2000, U.S. Patent No. 6,108,703 ("the '703 patent") was duly and legally issued to MIT as the assignee of all the right, title, and interest in and to the patent. A copy of the '703 patent is attached as Exhibit A to this Complaint.

9. Akamai is the exclusive licensee of the '703 patent.

10. On April 22, 2003, U.S. Patent No. 6,553,413 ("the '413 patent") was duly and legally issued to MIT as the assignee of all the right, title and interest in and to the patent. A copy of the '413 patent is attached as Exhibit B to this Complaint.

11. Akamai is the exclusive licensee of the '413 patent.

## CLAIMS FOR RELIEF

### COUNT ONE
### Infringement of the '703 Patent

12. Plaintiffs reallege, and incorporate herein by reference, the allegations of paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Limelight has infringed, and continues to infringe, the '703 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '703 patent.

14. On information and belief, Limelight actively has induced, and continues to induce, others to infringe the '703 patent.

15. Upon information and belief, Limelight's infringement of the '703 patent has been, and continues to be, willful and deliberate. Limelight's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

16. Limelight's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## COUNT TWO
## Infringement of the '413 Patent

17. Plaintiffs reallege, and incorporate herein by reference, the allegations of paragraphs 1-11 and 13-16 of this Complaint, as if fully set forth herein.

18. Limelight has infringed, and continues to infringe, the '413 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '413 patent.

19. On information and belief, Limelight actively has induced, and continues to induce, others to infringe the '413 patent.

20. Upon information and belief, Limelight's infringement of the '413 patent has been, and continues to be, willful and deliberate. Limelight's willful conduct provides a basis for

this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

21. Limelight's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request:

A. That the Court determine that Limelight has infringed, and is infringing, one or more claims of the '703 patent and the '413 patent;

B. That, after hearing, the Court enter a preliminary injunction, ordering Limelight, its officers, directors, agents, servants and employees, and all persons in active concern or participation with them, to refrain from conduct that infringes the '703 patent or the '413 patent;

C. That, after trial, the Court enter a permanent injunction, ordering Limelight, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, to refrain from conduct that infringes the '703 patent or the '413 patent;

D. That the Court determine the amount of the damage to the plaintiffs caused by Limelight's infringement and enter judgment for the plaintiffs in that amount, plus interests and costs;

E. That the Court determine that Limelight's infringement has been willful and deliberate, and award up to treble damages to the plaintiffs pursuant to 35 U.S.C. § 284;

F. That the Court determine that this case is exceptional, within the meaning of 35 U.S.C. § 285, and order Limelight to pay plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That the Court grant such other and further relief as it deems appropriate in the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial on all issues triable of right by a jury.

Dated: June 23, 2006

Respectfully submitted,

By: ______________________

Robert S. Frank, Jr. (BBO #177240)
Sarah Chapin Columbia (BBO # 550155)
Carlos Perez-Albuerne (BBO# 640446)
Richard C. Abati (BBO# 651037)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

4095067v1