**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AKAMAI TECHNOLOGIES, INC., and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                     Plaintiffs,

    v.

LIMELIGHT NETWORKS, INC.,

                  Defendant.

Civil Action No. 1:06-cv-11109 RWZ

**MEMORANDUM IN SUPPORT OF LIMELIGHT NETWORKS, INC.'S**
**MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF LIMELIGHT'S**
**MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON NEW CASE LAW**

**I.    INTRODUCTION**

Limelight Networks, Inc. ("Limelight") moves for reconsideration of the Court's July 1, 2008 denial of its Motion for Judgment as a Matter of Law (JMOL).  Limelight's motion is based on the July 14, 2008 Federal Circuit opinion in Muniauction, Inc. v. Thomson Corp., -- F.3d --, 2008 WL 2717689 (Fed. Cir. July 14, 2008)[1].  In Muniauction, the Federal Circuit (in a unanimous opinion written by Judge Gajarsa, the author of the prior Federal Circuit decision regarding the '703 Patent in this suit[2]) established that the joint infringement theory relied upon by Akamai in the present case requires a showing that the accused direct infringer is vicariously liable for the acts committed by any others required to complete performance of the claimed method.  Further, the Court held as a matter of law that an accused infringer's control over access to an Internet-based system, coupled with instructions to customers on how to use that system, is *insufficient* to establish direct infringement.  Id. at *9.  Thus, Akamai's proof in this case — which did not establish any basis for vicarious liability for the acts of others, and merely showed that Limelight controlled access to its Internet-based system and provided instructions to its customers on how to use that system — is insufficient as a matter of law.

Limelight therefore requests, based on the law established by the July 14, 2008 Federal Circuit decision in Muniauction, that this Court reconsider its July 1, 2008 denial of Limelight's Motion for Judgment as a Matter of Law and enter judgment that Limelight does not infringe Claims 19-21 and 34 of U.S. Patent No. 6,108,703 ("the '703 Patent").

---

[1]    For the Court's convenience, a copy of Muniauction is attached hereto as Exhibit A.

[2]    Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc., 344 F.3d 1186 (Fed. Cir. 2003)

## II.    UNDER THE MUNIAUCTION STANDARD, LIMELIGHT IS NOT LIABLE FOR DIRECT INFRINGEMENT

Limelight and Akamai do not dispute, and the evidence at trial confirmed, that no single party performs every step of the asserted claims of the '703 Patent.  Rather, Limelight's customers (not Limelight) allegedly perform certain steps of the asserted claims (including what Akamai alleged was "tagging" in Claims 19-21 and 34 and "serving the given page from the content provider domain" in Claims 19-21).  (Docket # 345 (Limelight's Mem. in Support of its Mtns. for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50) at 24-28).  The evidence Akamai asserts it presented to prove direct infringement[3], under a "joint infringement" theory, was that Limelight provides *"instructions or directions"* to its customers to perform one or more steps of the asserted claims.   (See Docket # 343 (Akamai's Mem. in Opposition to Limelight's Mtn. for Judgment as a Matter of Law) at 31-33).

Two weeks after this Court denied Limelight's Motion (See July 1, 2008 Electronic Order), the Federal Circuit announced its vicarious liability standard in the Muniauction decision, based on facts remarkably similar to the instant case.  In Muniauction, the Court of Appeals overturned a jury verdict of infringement (and a subsequent denial of JMOL for non-infringement), because no single party either performed or had another party perform on its behalf each step of the asserted claims.  And because the plaintiff identified no legal theory on which the accused infringer might be vicariously liable for the actions of its customers, the Federal Circuit held that the defendant could not infringe the asserted claims, as a matter of law.  Muniauction, 2008 WL 2717689 at *9.

The issue in Muniauction, also presented in the instant case, was whether the accused infringer was responsible for the actions of its customers by issuing instructions to those customers on how to use the accused Internet-based system.  Reversing the jury verdict of infringement, the Federal Circuit held that the fact the defendant controlled access to its Internet-

---

[3]    Akamai voluntarily abandoned all indirect infringement assertions prior to trial.  (See Email from C. Perez to A. Mackinnon on Feb. 10, 2008 attached hereto as Exhibit B; see also Trial Tr. 46:4-9, February 26, 2008, Charge Conf, Transcript Appendix attached hereto as Exhibit C).

based system, and instructed its customers how to use that system, was legally insufficient to establish direct infringement.  Id. at *9.[4]

The claims at issue in Muniauction concerned a method of carrying out electronic bidding on the Internet and required that a customer perform at least one step of the claimed method (e.g., inputting the customer's bid on his/her computer).  Id. at *8-9.  The accused infringer operated the Internet-based bidding system and performed many of the other steps of the asserted method claims.  Id. at *8.  The Federal Circuit held that the accused infringer was not liable because no legal theory existed under which the accused infringer might be vicariously liable for the actions of its customers.  Id. at *9.  "[M]ere '*arms-length cooperation*' will not give rise to direct infringement by any party."  Id. at *8 (emphasis added).  Further, the fact that the accused infringer "*controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement*."  Id. at *9 (emphasis added).

The Muniauction case is remarkably similar to the instant case, most pertinently in terms of the divided infringement facts.  Like the patent claims in Muniauction, the asserted '703 Patent claims involve multiple steps which no one entity performs.  Rather, the actions of both the CDN operator and its customers are required to meet the requirements of each claimed method.

Further, just as in Muniauction, Akamai's theory of Limelight's alleged liability was that Limelight instructed its customers how to use the Limelight CDN system and gain access to its system.[5]  This precise argument was considered and expressly found to be legally insufficient to

---

[4] This intervening decision by the Federal Circuit on joint infringement justifies reconsideration.  See Davis v. Lehane, 89 F.Supp.2d 142, 147 (D. Mass. 2000) (stating that "a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order"); see also Vermont Pure Holdings, Ltd. v. Nestle Waters N.A., Inc., Case No. Civ.A.03-11465 DPW, 2006 WL 839486 at *3 (D. Mass. Mar. 28, 2006).

[5] Akamai also argued that the customer's acts that may comprise a step of the claim are "necessary" to use the Limelight system.  (See Docket # 343 at 35).  This argument was also rejected in Muniauction.  To use the accused infringer's online bidding system, its customers *must* input their bids into the customer's computer (a step in the claim); but the Federal Circuit held that such acts, even though necessary and under the instructions of the accused infringer, were insufficient to establish direct infringement by the accused infringer.  Muniauction, 2008 WL 2717689 at *8.

establish direct infringement in <u>Muniauction</u>. As the Federal Circuit has now held, direct infringement requires a showing that the accused direct infringer is vicariously liable for the acts committed by any others required to complete performance of the claimed method, and an arms-length relationship with customers, even when coupled with instructions to those customers on how to use the accused infringer's system *can not* suffice, as a matter of law, to prove direct infringement.

Akamai also argued that Limelight's "contractual relationship" with its customers was sufficient "direction or control" to incur liability for the steps of the asserted claims performed by those customers. (Docket # 343 at 31 fn. 11, 33). The patentee in <u>Muniauction</u> made the same argument (<u>see</u> <u>Muniauction</u> Federal Circuit Brief, 2007 WL 4693007 at *47 attached hereto as Exhibit D), which the Federal Circuit rejected — finding that the contractual relationship did not suffice.

Under this binding precedent established by the Federal Circuit's July 14, 2008 holding in <u>Muniauction</u>, Akamai has not shown direct infringement by Limelight and the verdict should be set aside.

III.    **CONCLUSION**

In light of the law established by the Federal Circuit's July 14, 2008 decision in <u>Muniauction, Inc. v. Thomson Corp.</u>, Limelight cannot be liable for infringement of the asserted method claims of the '703 Patent. No evidence introduced by Akamai establishes that Limelight is vicariously liable for the acts committed by any others required to complete performance of the method covered by the asserted claims. And the fact that Limelight enters into contracts with, and provides instruction to, its customers to perform certain acts in order to use the Limelight CDN, is now ruled to be insufficient to establish direct infringement, as a matter of law. Accordingly, the Court should reconsider its denial of Limelight's Motion for Judgment as a Matter of Law and enter judgment in Limelight's favor that Limelight does not infringe Claims 19-21 or 34 of the '703 Patent.

DATED:  July 25, 2008                    By:   /s/Alexander F. MacKinnon
                                               Robert G. Krupka (pro hac vice)
                                               Alexander F. MacKinnon (pro hac vice)
                                               Kirkland & Ellis LLP
                                               777 South Figueroa Street
                                               Los Angeles, California 90017
                                               Telephone:  (213) 680-8400
                                               Facsimile:  (213) 680-8500

                                               Gael Mahony (BBO #315180)
                                               Daniel K. Hampton (BBO #634195)
                                               Holland & Knight LLP
                                               10 St. James Avenue, 11th Floor
                                               Boston, MA, 02116
                                               Telephone:  (617) 523-2700
                                               Facsimile:  (617) 523-6850

                                               Attorneys for Defendant
                                               Limelight Networks, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document **(Memorandum In Support Of Limelight Networks, Inc.'s Motion For Reconsideration Of The Court's Denial Of Limelight's Motion For Judgment As A Matter Of Law Based on New Case Law)** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2008, via first class mail.

/s/Alexander F. MacKinnon
Alexander F. MacKinnon