UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
AKAMAI TECHNOLOGIES, INC., and      )
MASSACHUSETTS INSTITUTE OF          )
TECHNOLOGY,                         )
                                    )
               Plaintiffs,          )   Civil Action No. 06-cv-11109-RWZ
                                    )                    06-cv-11585-RWZ
          v.                        )
                                    )
LIMELIGHT NETWORKS, INC.,           )
                                    )
               Defendant.           )
_____)

**AKAMAI'S MEMORANDUM IN OPPOSITION TO
LIMELIGHT'S MOTION TO RECONSIDER THE COURT'S DENIAL OF
LIMELIGHT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

AKAMAI TECHNOLOGIES, INC., and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

By their attorneys,


Robert S. Frank, Jr. (BBO #177240)
Robert M. Buchanan, Jr. (BBO #545910)
Carlos Perez-Albuerne (BBO #640446)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

- and -

Sarah Chapin Columbia (BBO #550155)
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4074

Dated: August 8, 2008

4360090v1

This memorandum is filed in response to Limelight's Motion For Reconsideration Of The Court's Denial Of Limelight's Motion For Judgment As A Matter Of Law.

Limelight's Motion for Reconsideration is predicated on its argument that the Federal Circuit decision in *Muniauction, Inc. v. Thomson Corp.,* 2008 WL 2717689 (Fed. Cir. July 14, 2008) articulated a change in the legal standard for a finding of infringement of a method claim where more than one person or entity performs the claimed method steps. Limelight's motion to reconsider should be denied because:

1. The *Muniauction* decision did not change the legal standard; it simply reiterated and applied the standard announced in *BMC Resources, Inc. v. Paymentech L.P.,* 498 F.3d 1373 (Fed. Cir. 2007);

2. The trial in the present case took place after the Federal Circuit's decision in *BMC* and the Court's jury instructions in this case carefully incorporated the *BMC* standard.

3. The jury, having been instructed based on the *BMC* standard, found infringement; it had sufficient evidence from which to make its finding.

1. **The *Muniauction* Decision Did Not Articulate New Law**

In *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), the Federal Circuit held that in order to infringe a method claim, one entity must either perform all of the steps of the claimed method or must direct or control the actions of others who perform some of those steps. In the case at bar, the Court correctly charged the jury using the direction or control standard. The jury found in favor of Akamai.

The Federal Circuit's decision in *Muniauction* expressly confirms the *BMC* standard. 2008 WL 2717689 at *8. In that case, the trial took place before *BMC* was decided and, as a

result, the trial court did *not* charge the jury in accordance with the *BMC* standard. The Federal Circuit assessed the case under the *BMC* standard and found insufficient evidence to support the jury's findings of infringement.

Limelight tells the Court that *Muniauction* created a new requirement for proving joint infringement, *viz.*, "a showing that the accused direct infringement is vicariously liable for the acts committed by any other required to complete performance of the claimed method." Limelight Motion at p. 2; Memorandum at p. 2. This is simply not so. While the Federal Circuit noted that "[u]nder *BMC Resources*, the control or direction standard is satisfied in situations where the law *would* traditionally hold the accused direct infringer vicariously liable for the acts committed by another party," *id.*, 2008 WL 2717689 at *9 (emphasis supplied), it did not impose a new legal standard. Rather, it provided an example of one way of proving the direction or control standard articulated in *BMC*.

    **2.**    <u>**The Change Here Incorporated the *BMC* Standard**</u>

In this case, which was tried after the *BMC* decision, both parties requested, and the Court included, a jury instruction expressly incorporating the *BMC* standard.[1] Jury Charge, 13:53.[2]

    **3.**    <u>**There Was Sufficient Evidence From Which The Jury Found Infringement Applying the *BMC* Standard**</u>

In *Muniauction*, the patent claimed an auction process in which bond underwriters input bids, the interest cost of the bid is calculated, the bid is transmitted over a network (*e.g.*, the

---

[1] In fact, the Court's initial instruction to the jury said that Akamai had to prove that Limelight directed *and* controlled the steps carried out by its customers. Jury Charge, 13:20-21  At the request of both parties at sidebar, the Court corrected its instruction to say that Akamai had to prove that Limelight directed *or* controlled the steps carried out by its customers. Jury Charge, 13:51-53

[2] Unless stated otherwise, all exhibits cited herein are filed contemporaneously herewith in the Appendix of Documents Cited In Support of Akamai's Memorandum In Opposition to Limelight's Motion to Reconsider the Court's Denial of Limelight's Motion for Judgment as a Matter of Law. Citations to the trial transcript can be found in Exhibit A, and are cited as "Witness, Day:Page."

Internet), and the bid is displayed on the bond issuer's terminal.  The plaintiff alleged that the Thomson, the entity that ran the auction system, infringed the claim.  At the end of a decision that is largely devoted to other issues, the Federal Circuit held, citing *BMC*, that a method claim is infringed "if one party exercises direction or control over the entire process such that every step is attributable to … the mastermind." *Muniauction*, 2008 WL 2717689 at *8.  The question, the Court said, was whether there was sufficient direction or control by the auctioneer over the independent bidder.  On the record in the *Muniauction* case, the Federal Circuit held that it was "not sufficient" to show merely that the patent holder "controls access to its system and instructs bidders on its use" -- *i.e.*, teaches them how to use the system. *Id.* at *9.

The facts of this case are grossly different from those of *Muniauction* and more than sufficient to support the jury verdict of infringement under the *BMC* standard.  Limelight's customers execute contracts with Limelight that *require* the customer to use Limelight's "then current Company processes … to enable … Customer Content to be delivered by" Limelight and compel the customer to provide "all cooperation … reasonably necessary for Company [Limelight] to implement its CDS [Content Distribution Service]." PX0429 at LLN0157950 (Ex. B); Gordon, 8:120.  Limelight then gives to the customer a "short name" or hostname. Gordon, 8:105-110; PX0382 (Ex. C).  The short name is a virtual hostname that identifies the customer's content and points to the Limelight network.  The customer *must* use the Limelight-supplied hostname, either in the URLs embedded in pages that are served by the customer, or must serve a page that contains aliases for the Limelight-supplied hostname and then substitute the Limelight-supplied hostname during the DNS process.  Kelly, 9:114; PX0419 (Ex. D) (Limelight Installation Guidelines:  "…the customer will *need to* use" the "LLNW URL") (emphasis supplied).  Either way, Limelight requires the customer to tag embedded objects of a

3

page so that requests for those objects resolve to the Limelight domain. The customer must serve the page containing the Limelight-supplied hostname or an alias for that hostname. There is no other purpose for providing a hostname to the customer, and no other way that Limelight can provide the service that Limelight provides. Gordon, 8:118-119 ("… if they want us to deliver content they have to publish [serve pages containing] URLs using that [Limelight-assigned] short name … or implement a CNAME process to do that").[3]

Thus, the only steps of claims 19-21 and 34 of the '703 patent that are performed by persons other than Limelight are performed by Limelight's content provider customers. Those customers, once they sign Limelight's contract, are under a contractual obligation to -- implement Limelight's content delivery method by serving pages that include a hostname supplied by Limelight to the customer. The jury was entitled to find that Limelight was the "mastermind," that it directed or controlled the actions of its customers when they performed the "tagging" and "serving the page" steps of the relevant claims. The jury was charged correctly. The jury did so find. There is no basis in law or in fact for overturning its verdict.

---

[3] Akamai incorporates by reference its detailed description of the evidence in support of the jury's finding from Akamai's Memorandum in Opposition to Limelight's Motion for Judgment as a Matter of Law (Docket Entry 343) at pp. 31-34.

**CONCLUSION**

For the reasons set forth herein and in Akamai's Memorandum in Opposition to Limelight's Motion for Judgment as a Matter of Law, Limelight's Motion To Reconsider should be denied.

Respectfully submitted,

AKAMAI TECHNOLOGIES, INC., and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

By their attorneys,

 /s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO #177240)
Robert M. Buchanan, Jr. (BBO #545910)
Carlos Perez-Albuerne (BBO #640446)
G. Mark Edgarton (BBO #657593)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
*rfrank@choate.com*
(617) 248-5000

- and -

Sarah Chapin Columbia (BBO #550155)
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4074

Dated: August 8, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 8, 2008, via electronic mail.

                                                      */s/ Robert S. Frank, Jr.*
                                                      Robert S. Frank, Jr.

4360090v1