UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>                Plaintiffs,<br><br>    vs.<br><br>LIMELIGHT NETWORKS, INC.,<br><br>                Defendant. | Civil Action No. 06-cv-11109 RWZ<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF AKAMAI TECHNOLOGIES, INC.'S MOTION FOR AN ACCOUNTING OF SUPPLEMENTAL DAMAGES AND PREJUDGMENT INTEREST**

      Plaintiff Akamai Technologies, Inc. ("Akamai") hereby moves for an Order: (1) requiring an accounting so that the Court may determine the correct amount of supplemental damages to which Akamai is entitled as a result of defendant Limelight Networks, Inc.'s ("Limelight") continued infringement of U.S. Patent No. 6,108,703 (the "'703 patent"); (2) confirming that Akamai is also entitled to prejudgment interest pursuant to 35 U.S.C. § 284, calculated using the prime rate, compounded annually until the date that the Court enters a judgment in favor of Akamai; and (3) awarding Akamai enhanced damages for Limelight's willful post-verdict infringement.  In further support of this Motion, Akamai states as follows:

      1.     As explained in detail in Akamai's supporting Memorandum submitted herewith, it has been nearly eight years since a jury found that Limelight had infringed all of the asserted claims of the '703 patent and that those claims were not invalid.  The jury concluded that Akamai suffered damages of $45.5 million through the period ended December 31, 2007.  It also found that Akamai is entitled to prejudgment interest.

7177556v1

2. Limelight admits that it continued infringing the '703 patent even after the jury verdict in this case, and that its post-verdict infringing conduct resulted in millions of additional post-verdict damages. Akamai's total damages, together with pre-judgment interest on those damages, exceeds $80 million (excluding enhanced damages for willful infringement).

3. Limelight made a calculated decision after the verdict was returned to continue using the method the jury found to be infringing. Limelight's conduct constituted willful infringement and provides a sufficient basis for the Court to enhance such damages by a factor of two.

WHEREFORE, for the above reasons and the reasons stated in Akamai's supporting Memorandum filed herewith, it is respectfully requested that the Court grant this motion for an accounting of supplemental damages and prejudgment interest.

Respectfully submitted,

AKAMAI TECHNOLOGIES, INC., and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

By its attorneys,

/s/ *Carlos Perez-Albuerne*
Robert S. Frank, Jr. (BBO #177240)
Carlos Perez-Albuerne (BBO # 640446)
G. Mark Edgarton (BBO #657593)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
rfrank@choate.com
cperez@choate.com
medgarton@choate.com

Dated: December 23, 2015

7177556v1

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I certify that, on December 21, 2015, I contacted counsel of record in this, Kirkland & Ellis LLP, requesting a time to conference the issues raised in this motion. Later that day, I was directed to follow-up with another attorney at Kirkland & Ellis. Thereafter, I made two separate requests to that attorney to conference the issues on either December 21, 22 or 23. On December 23, I received an email from Keker & Van Nest stating that (1) Keker & Van Nest will be substituting in for Kirkland & Ellis as Limelight's lead counsel with regard to further proceedings in the district court in this matter and (2) Keker & Van Nest would be available to conference the motions in early January. I notified Keker & Van Nest later that day that (1) based on the circumstances, Akamai would not delay filing its motions until January, (2) Akamai would agree to grant a two week extension of the time allowed under the Local Rules for Limelight's counsel to respond to the motions, and (3) counsel for Akamai was available to discuss the issues raised in the motions after Keker & Van Nest had an opportunity to familiarize themselves with the relevant issues.

/s/ *G. Mark Edgarton*
G. Mark Edgarton

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2015 via electronic mail.

/s/ *Carlos Perez-Albuerne*
Carlos Perez-Albuerne