UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs,<br><br>vs.<br><br>LIMELIGHT  NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 06-cv-11109 RWZ |

## MOTION FOR A STATUS CONFERENCE

Plaintiff Akamai Technologies, Inc. ("Akamai") respectfully requests that the Court schedule a status conference to set an appropriate briefing schedule with respect to the grant of a permanent injunction enjoining defendant Limelight Networks, Inc. ("Limelight") from further infringement of Akamai's U.S. Patent No. 6,108,703 (the "'703 patent").  In further support of this Motion, Akamai states as follows:

1.    As explained in detail in Akamai's Memorandum in Support of its Motion for an Accounting of Supplemental Damages and Prejudgment Interest (the "Supplemental Damages Memorandum," filed contemporaneously herewith), it has been nearly eight years since a jury found that Limelight had infringed all of the asserted claims of the '703 patent and that those claims were not invalid.  The Jury concluded that Akamai suffered damages of $45.5 million through the period ended December 31, 2007.

2.    Limelight admits that it continued infringing the '703 patent even after the jury verdict in this case, and that its post-verdict infringing conduct resulted in millions of dollars of

7177198v1

additional post-verdict damages. Akamai's total damages, together with pre-judgment interest on those damages, exceeds $80 million. *See* Supplemental Damages Memorandum.

3. Akamai intends to file a motion for a permanent injunction enjoining Limelight from performing or offering to perform (i) the methods of content delivery found at trial to infringe claims 19, 20, 21 or 34 of the '703 patent, or (ii) any method of content delivery not more than colorably different from the methods found at trial to infringe; and from assisting others to infringe these claims, either directly or through a third party.

4. Akamai requests a status conference to establish the most efficient process for entry of a permanent injunction and any other issues that may require resolution before the Court can enter final judgment in favor of Akamai.

WHEREFORE, for the reasons set forth above, Akamai respectfully requests that the Court schedule a status conference on a date convenient to the Court.

Respectfully submitted,

AKAMAI TECHNOLOGIES, INC.,

By its attorneys,

/s/ *Carlos Perez-Albuerne*
Robert S. Frank, Jr. (BBO #177240)
Carlos Perez-Albuerne (BBO # 640446)
G. Mark Edgarton (BBO #657593)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
rfrank@choate.com
cperez@choate.com
medgarton@choate.com

Dated:  December 23, 2015

7177198v1

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I certify that, on December 21, 2015, I contacted counsel of record in this, Kirkland & Ellis LLP, requesting a time to conference the issues raised in this motion. Later that day, I was directed to follow-up with another attorney at Kirkland & Ellis. Thereafter, I made two separate requests to that attorney to conference the issues on either December 21, 22 or 23. On December 23, I received an email from Keker & Van Nest stating that (1) Keker & Van Nest will be substituting in for Kirkland & Ellis as Limelight's lead counsel with regard to further proceedings in the district court in this matter and (2) Keker & Van Nest would be available to conference the motions in early January. I notified Keker & Van Nest later that day that (1) based on the circumstances, Akamai would not delay filing its motions until January, (2) Akamai would agree to grant a two week extension of the time allowed under the Local Rules for Limelight's counsel to respond to the motions, and (3) counsel for Akamai was available to discuss the issues raised in the motions after Keker & Van Nest had an opportunity to familiarize themselves with the relevant issues.

/s/ *G. Mark Edgarton*
G. Mark Edgarton

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2015 via electronic mail.

/s/ *Carlos Perez-Albuerne*
Carlos Perez-Albuerne

7177198v1